UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PRINCESS WILLIAMS,

                      Plaintiff,                      **COMPLAINT**

    against

CITY OF NEW YORK, AND JOHN/             Docket No. 24-CV-7973
JANE DOE 1-10 (the names being fictitious as their
identities are unknown),

                                                             Jury Trial Demanded

                    Defendants.
------------------------------------------------------------------- x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Princess Williams ("Ms. Williams" or "Plaintiff") is a resident of Kings County in the City and State of New York.

7. Defendant The City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named Defendants herein.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all John and Jane Doe 1 through 10 (collectively "Individual Defendants") were acting under color of state law.

## STATEMENT OF FACTS

11. On August 26, 2023, at approximately 11:00 p.m., on Belmont Avenue in the vicinity of Watkins Street, in the County of Kings, New York.

12. Ms. Williams was participating at a family day/community event at the Langston Hughes New York City Housing Authority Project.

13. Ms. Williams was wearing a black tank top, a black skirt and a bra.

14. Without warning, three or more New York City Police Officers pushed into Ms. Williams and grabbed her violently.

15. Ms. Williams was shocked that the New York City Police Officers were grabbing her as and she had not committed any crime and was not provided any warning by then.

16. Ms. Williams asked the New York City Police Officers "why are you grabbing me" and "get off of me" but none of the officers responded.

17. Ms. Williams felt herself get pushed to a wall, then thrown up against the wall very aggressively, and slammed her up against the wall repeatedly.

18. Horrified, Ms. Williams felt her tank top and bra get violently ripped off of her body as they were still throwing her around.

19. The New York City Police Officers placed Ms. Williams hands behind her back and handcuffed her, exposing her naked upper half to the crowd of people on the street.

20. Ms. Williams felt multiple hands and fingers touching her breasts as multiple individual defendants touched her breasts without permission.

21. Ms. Williams was unable to cover her breasts or protect herself from the unwanted sexual assault.

22. As Ms. Williams hands were restrained her back, she was unable to cover her naked body from the crowd of police officers and civilians looking at her exposed breasts.

23. Ms. Williams asked the New York City Police Officers for assistance covering her up, but they did not respond to her.

24. After a few minutes of Ms. Williams standing exposed, handcuffed with her hands behind her, a civilian bystander took off his own shirt and put it on Ms. Williams, finally covering her exposed breasts.

25. Ms. Williams was taken to the 73rd Precinct, then to Central Booking where she was held for about 15 hours.

26. Finally, Ms. Williams was released without being charged with a crime.

27. Ms. Williams was aware of her confinement but did not consent to the confinement.

28. Ms. Williams suffered injuries on her knees which required medical treatment, and suffered bruises and abrasion on her wrists.

29. Ms. Williams suffered emotional injuries following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, and anxiety.

30. Within ninety days following the occurrence of the incidence complained of in this Complaint, Plaintiff filed a written Notice of Claim with Defendant City of New York pursuant to General Municipal Law 50e.

31. Thirty days since the filing thereof have elapsed without adjustment or payment of plaintiff's claim.

## FIRST CLAIM
### Excessive Force
(**All Individual Defendants**)

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. The Individual Defendants have deprived Plaintiff of his civil, constitutional and statutory rights under color of law and are liable to Plaintiff under 42 USC 1983.

34. The Individual Defendants have deprived Plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants used excessive and unreasonable force in effecting the arrest of Plaintiff.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest
(All Individual Defendants)

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The Individual Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## THIRD CLAIM
## State Law False Imprisonment and False Arrest
(All Defendants)

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, the individual defendants are liable to Plaintiff for falsely imprisoning and falsely arresting Plaintiff.

41. Plaintiff was conscious of her confinement.

42. Plaintiff did not consent to her confinement.

43. Plaintiff's confinement was not otherwise privileged.

44. Defendant City of New York, as an employer of the Individual Defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

45. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
## CRUEL AND UNUSUAL PUNISHMENT
(Against All Individual Defendants)

46. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47. The Individual Defendants have deprived Plaintiff of his civil, constitutional, and statutory rights under color of law and is liable to Plaintiff under 42 U.S.C. § 1983.

48. The individual Defendants have deprived Plaintiff of her right to be free from Cruel and Unusual Punishment, pursuant to the Eighth and Fourteenth Amendments to the United States Constitution, in that the Individual Defendants sexually abused Plaintiff as described above.

49. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

50. Plaintiff is therefore entitled to compensatory damages, punitive damages, as well as attorneys' fees and costs against the Individual Defendants.

## FIFTH CLAIM
### Failure to Intervene
(**All Individual Defendants**)

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. Those Individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

53. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

54. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery
(All Defendants)

55. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56. By their conduct, as described herein, the Individual Defendants are liable to Plaintiff for having assaulted and battered her.

57. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

58. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
## COMMITTING AND ENABLING CRIMINAL AND CIVIL SEXUAL BATTERY
(Against all Defendants)

59. Plaintiff re-states and incorporates by reference each and every statement contained herein above as though fully set forth and brought in this cause of action.

60. The Individual Defendants intentionally, recklessly and wantonly did acts which were intended to, and did, result in harmful and offensive contact with intimate parts of Plaintiff's person while Plaintiff was physically restrained by the Individual Defendants and the Individual Defendants acted in the course and scope of their agency/employment with the City of New York.

61. The Individual Defendants did the aforementioned acts with the intent to cause harmful or offensive contact with intimate parts of Plaintiff's person and would offend a reasonable sense of personal dignity.

62. Plaintiff did not give consent, and could not consent, to such acts and abuse, and did object to the abuse.

63. As a direct, legal and proximate result of the acts of Individual Defendants, Plaintiff sustained serious and permanent injuries to her person.

64. As a direct and proximate result of the aforementioned sexual battery, Plaintiff has sustained in the past, and will continue to suffer in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment, and humiliation.

65. Accordingly, compensatory and punitive damages are necessary under these facts as to Defendants.

## EIGHTH CLAIM
## COMMITTING AND ENABLING CRIMINAL AND CIVIL SEXUAL ASSAULT
(Against All Defendants)

66. Plaintiff re-states and incorporates by reference each and every statement contained herein above as though fully set forth and brought in this cause of action.

67. At all times material hereto, the intentional physical conduct of the Individual Defendants, described above, placed Plaintiff in imminent apprehension of harmful and injurious contact,

including, but not limited to, further and continued intentional and malicious sexual assaults, molestation, battery, and abuse.

68. At all times material hereto, the Individual Defendants acted with reckless disregard for the safety and well-being of Plaintiff.

69. At all times material hereto, the Individual Defendants acted willfully, wantonly, and maliciously.

70. As a direct and proximate result of the aforementioned sexual assault, Plaintiff has sustained in the past, and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

71. Accordingly, compensatory and punitive damages are necessary under these facts as to all Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

(a) Compensatory damages against all Defendants, jointly and severally;

(b) Punitive damages against the Individual Defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: November 15, 2024
New York, New York

                    BRUSTEIN LAW, PLLC

                    _____/s/_____
                    Evan Brustein
                    299 Broadway, 17th Floor
                    New York, NY 10007
                    (917) 769-8748
                    *Attorneys for Plaintiff*